UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AVENUE EAST APARTMENTS LLC** ) <br> **d/b/a ALIGHT STILLWATER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. )     Case No. CIV-25-177-G <br> ) <br> **CHARLENE LATHAM,** ) <br> ) <br> Defendant. ) | |

### ORDER

Plaintiff Avenue East Apartments LLC d/b/a Alight Stillwater initiated this action in the District Court of Payne County, bringing a claim for forcible entry and detainer against Defendant Charlene Latham. *See* Pet. (Doc. No. 4-1). On February 10, 2025, Defendant, appearing pro se, removed the case to this Court, citing various bases for the removal. *See* Notice of Removal (Doc. No. 1).

On February 28, 2025, Plaintiff filed a Motion to Remand (Doc. No. 4). Defendant has not responded to the Motion within the time allowed by local rule.

I.   *Removal and Federal Jurisdiction*

A defendant may remove a case pending in state court to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts

are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

## II.     *Plaintiff's Motion to Remand*

Plaintiff argues that this case should be remanded back to state court because Defendant has failed to establish that federal jurisdiction lies under any of the bases cited in the Notice of Removal. That Notice first cites 28 U.S.C. § 1332(a), which prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). As relevant here, when removal is premised upon the existence of § 1332(a) diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Id.* § 1446(c)(2). The state-court filings most reasonably reflect that the amount in controversy does not exceed $75,000.00. *See* Pl.'s Mot. to Remand at 3-6; *id.* Ex. 1 (Doc. No. 4-1); Journal Entry (Payne Cnty. Dist. Ct. Apr. 6, 2022) (Doc. No. 1-3). As noted, Defendant offers no opposition to Plaintiff's assertions or remand request. Having considered the relevant record, the Court finds that it has not been shown that the amount in controversy meets or exceeds the jurisdictional threshold. 28 U.S.C. § 1446(c)(2); *see id.* § 1332(a).

In addition, Plaintiff argues that removal of a diversity action by Defendant, an Oklahoma resident, to this Court would be improper pursuant to 28 U.S.C. § 1441(b)(2). *See* Pl.'s Mot. to Remand at 6. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of

2

the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As Defendant alleges that she is domiciled in Stillwater, Oklahoma, her removal of a diversity action to an Oklahoma federal court would indeed be improper and subject such an action to remand upon the defect being raised by Defendant. *See* Notice of Removal at 1; *McNulty v. Standard Ins. Co.*, 81 F.4th 1091, 1094 n.3 (10th Cir. 2023); *see also Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." (citation omitted)).

The Notice of Removal also cites 28 U.S.C. § 1443 as a basis for removal. That statute prescribes as follows:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

As argued by Plaintiff, Defendant's vague allegations that "the state court . . . refused reasonable accommodations," "caused [Defendant] to be unable to appear in the

court," and "violate[d] her rights under color of state & federal laws" fail to establish that this action may be removed under either subsection of § 1443. Notice of Removal at 4-5. As this Court recently explained,

> The Supreme Court has established a "two-pronged test" that removal petitions under § 1443(1) must satisfy. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (citation omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (citation omitted).

*Triplet v. Okla. ex rel. Okla. Cnty. Dist. Cts.*, No. CIV-25-17-JD, 2025 WL 48746, at *2 (W.D. Okla. Jan. 8, 2025); *see also Vill. of Port Chester v. Port Chester Yacht Club, Inc.*, 598 F. Supp. 663, 665 (S.D.N.Y. 1984).

Defendant's bare references to the "color of law" and the Americans with Disabilities Act do not plausibly establish that the State denied or is denying her any rights based on her race. "Absent such an allegation, a claim that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).'" *Triplet*, 2025 WL 48746, at *2 (quoting *Johnson*, 421 U.S. at 219)).

Nor does Defendant meet her burden to show that removal is proper pursuant to 28 U.S.C. § 1443(2). "Under binding Supreme Court precedent, this provision 'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Id.* (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Because

4

Defendant has not shown that she is a federal officer or agent, or authorized to act with or for such an officer or agent, removal is not proper under § 1443(2).

## CONCLUSION

Because Defendant has failed to establish a jurisdictional basis for the removal of this action, Plaintiff's Motion to Remand (Doc. No. 4) is GRANTED.

The Court REMANDS this matter to the District Court of Payne County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 11th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge